PENNY MANNING, : CIVIL ACTION

    Plaintiff, :

    v. :

GEORGIA MEDICAL BILLING/ :
MED-CHOICE SOLUTIONS, INC.,
:
    Defendant. NO. CV204-186

O R D E R

Plaintiff, Penny Manning, filed the above-styled employment action against Defendant, Georgia Medical Billing/Med-Choice Solutions, Inc., seeking overtime pay under the Fair Labor Standards Act. Currently before the Court is Georgia Medical Billing Specialists, Inc.'s and Med-Choice Solutions, Inc.'s, (collectively, "Defendants"), motion to dismiss. For the reasons discussed below, the motion will be **DENIED**.

**FACTS**

Manning filed this action on December 6, 2004, naming Georgia Medical Billing/Med-Choice Solutions, Inc. as the defendant. On February 14, 2005, Manning, through her counsel, served a copy of the Summons and Complaint on Duane Sheldon at 2085 Savannah Highway, Jesup, Georgia.[1] On March 4, 2005, Georgia Medical Billing Specialists, Inc., and Med-Choice Solutions, Inc., made a special appearance as to jurisdiction and, without waiving their defenses, filed an Answer to the Complaint.[2]

Counsel subsequently met in person on April 29, 2005. At that time, defense counsel provided Plaintiff's counsel with evidence indicating that the named defendant was not the proper party and advised that a motion to dismiss would be filed if the Complaint was not amended quickly. To date, Plaintiff has failed to amend the Complaint.

---

[1] Defendants' contention that Plaintiff failed to note the Return of Service in a manner sufficient to demonstrate the appropriate method of service is without merit. While the appropriate box was not checked, insertion of the address indicates that the Defendant was served personally at that address.

[2] An Amended Answer was filed on March 7, 2005.

2

**DISCUSSION**

Defendants argue that the case should be dismissed because Manning's failure to name the proper defendant has resulted in defective process and service of process, thereby depriving the Court of personal jurisdiction. Plaintiff brought this action against a single entity, "Georgia Medical Billing/Med-Choice Solutions, Inc." The evidence shows that Georgia Medical Billing/Med-Choice Solutions, Inc., is, in fact, two separate entities: Georgia Medical Billing Specialists, Inc. and Med-Choice Solutions, Inc.

Dismissal is generally unwarranted absent indication that "the error actually results in prejudice to the defendant or demonstrates a flagrant disregard of the requirements of Rule 4(a)". 4A Charles A. Wright & Arthur R. Miller Federal Practice and Procedure: Civil 3d § 1088, at 462 (2002).

The Court finds that Plaintiff's mistake was a mere technical error that resulted in no prejudice to Defendants. Georgia Medical Billing Specialists, Inc., and Med-Choice Solutions, Inc., were served, had notice of the suit, and timely responded to the Complaint. Service upon Sheldon provided the right parties with notice as evidenced by the fact that they are before this Court. Furthermore, Plaintiff's

3

AO 72A
(Rev. 8/82)

belief that Georgia Medical Billing Specialists, Inc., and Med-Choice Solutions, Inc., was a single entity is supported by Defendants' use of Georgia Medical Billing/Med-Choice Solutions, Inc. in its employee manual. Because Plaintiff's error did not result in prejudice to Georgia Medical Billing Specialists, Inc. and Med-Choice Solutions, Inc., the Court will deny Defendants' motion to dismiss for insufficient service of process and insufficient process. See <u>United States v. A.H. Fischer Lumber Co.</u>, 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons, . . . or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled.").

Defendants do, however, have the right to be named accurately in the process and pleadings of the Court. Thus, Plaintiff is required to amend her Complaint.

## CONCLUSION

After careful consideration of all the arguments and evidence, the Court concludes that Defendants' motion to dismiss (Doc. No. 11) should be and is hereby **DENIED**.

4

Plaintiff is directed to amend her Complaint within twenty (20) days of the date of this Order to name the proper Defendants as parties to this action.

**SO ORDERED**, this 8th day of June, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)