# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 JUL 12 A 11 34
CLERK _F. Salvctore_
SO. DIST. OF GA

PENNY MANNING, : CIVIL ACTION

    Plaintiff, :

        v. :

GEORGIA MEDICAL BILLING :
SPECIALISTS, INC. and
MED-CHOICE SOLUTIONS, INC., :

    Defendant. : NO. CV204-186

## O R D E R

Plaintiff, Penny Manning, filed the above-styled employment action against the named Defendant, Georgia Medical Billing/Med-Choice Solutions, Inc., seeking overtime pay under the Fair Labor Standards Act. Currently before the Court is Georgia Medical Billing Specialists, Inc., and Med-Choice Solutions, Inc.'s (collectively, "Defendants") renewed motion to dismiss. For the following reasons, Defendants' motion will be **DENIED**.

## BACKGROUND

Plaintiff brought this action against a single entity, "Georgia Medical Billing/Med-Choice Solutions, Inc." The evidence, however, showed that Georgia Medical Billing/Med-Choice Solutions, Inc., was, in fact, two separate entities: Georgia Medical Billing Specialists, Inc., and Med-Choice Solutions, Inc.

By order dated June 8, 2005, the Court denied Defendants' first motion to dismiss for failure to name and serve the proper defendants. Plaintiff was directed to amend her complaint within twenty (20) days of the date of said Order to name the Defendants properly as parties to this action.

On July 1, 2005, Defendants filed the instant motion to dismiss because Plaintiff had not amended her complaint as directed by the Court. On July 5, 2005, Plaintiff filed her amended complaint, as well as a response to Defendants' motion. Plaintiff indicated in her response that the amendment was late due to her counsel's medical treatment.

## DISCUSSION

A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court

2

order or federal rule. Fed. R. Civ. P. 41(b); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (holding that district court's power to dismiss action under Rule 41(b) for failure to obey court order is inherent aspect of its authority to enforce its orders). The Eleventh Circuit has clearly stated that because dismissal is considered a drastic sanction, a district court may only implement it when: (1) a party engages in a clear pattern of delay or willful contempt; and (2) the district court specifically finds that lesser sanctions would not suffice. World Thrust Films, Inc. v. Int'l Family Entertainment, Inc., 41 F.3d 1454 (11th Cir. 1995) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)).

The Court concludes that Plaintiff's conduct fails to demonstrate a clear record of delay or willful contempt. Plaintiff's amended complaint was due no later than June 28, 2005. The amended complaint was filed a week later, on July 5, 2005. In her response to Defendants' motion to dismiss, Plaintiff indicated that the amended complaint was not filed as ordered by the Court due to medical treatment of Plaintiff's counsel. Such delay fails to demonstrate the requisite pattern of delay or willful contempt necessary to warrant dismissal.

AO 72A
(Rev. 8/82)

See Kilgo, 983 F.2d at 192-93 ("mere delay will not suffice" and "simple negligence does not warrant dismissal").

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Defendants' motion to dismiss (Doc. No. 23) is **DENIED**.

**SO ORDERED**, this 12TH day of June, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)