# In the United States District Court for the Southern District of Georgia
## Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 NOV -1 A 3:08
CLERK D. Taylor
SO. DIST. OF GA.

| | | |
|---|---|---|
| PENNY MANNING, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| GEORGIA MEDICAL BILLING SPECIALISTS, INC. and MED-CHOICE SOLUTIONS, INC., | : | |
| Defendants. | : | NO. CV204-186 |

## O R D E R

Plaintiff, Penny Manning, filed the above-styled employment action against Defendants, Georgia Medical Billing Specialists, Inc., and Med-Choice Solutions, Inc., seeking overtime compensation under the Fair Labor Standards Act ("FLSA"). Currently before the Court is Manning's motion seeking partial summary judgment on the issue of Defendants' liability for unpaid wages and liquidated damages. For the following reasons, Plaintiff's motion will be **DENIED**.

**BACKGROUND**

Manning was employed by Defendants to perform clerical work from August 27, 2001, until April 2004, in Jesup, Georgia. She alleges that she worked an average of one hundred (100) hours per week, without receiving overtime compensation as required under the FLSA.

**DISCUSSION**

Manning is entitled to partial summary judgment on her motion if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the initial burden is on the movant, who must make a case for the absence from the record of any material issue of fact. Cohen v. United Am. Bank of Cent. Fla., 83 F.3d 1347, 1349 (11th Cir. 1996). Once the movant has met this burden, the burden shifts to the non-movant, who must contradict the movant's showing by demonstrating that the evidence in the record before the Court would be sufficient to support a jury verdict in the non-movant's favor, assuming that

AO 72A
(Rev. 8/82)

all inferences are drawn, and any doubt regarding the credibility of evidence is resolved, in the non-movant's favor. Id.; Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996).

Under the FLSA, an employer must pay an employee overtime unless that employee can be categorized as an "employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Manning asserts that she is entitled to summary judgment on the issue of liability because she worked more than forty hours per week and was not an exempt "executive" employee under the Act.

The Court concludes that genuine issues preclude summary judgment at this time. The burden is on Plaintiff, as movant, to demonstrate that she is entitled to summary judgment as a matter of law. The sole evidence offered by Plaintiff, however, is her own self-serving affidavit, whereby she contends that she worked an average of 100 hours per week from April 2002 until December 2002, January 1, 2002[sic], until December 31, 2003, and January 26, 2004, until April 2004, without receiving overtime compensation. Resolving any doubt regarding the credibility of the evidence in Defendants' favor, as required under the summary judgment standard, the Court

AO 72A
(Rev. 8/82)

concludes this affidavit, without more, is insufficient to establish liability as a matter of law.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Plaintiff's motion for partial summary judgment on the issue of liability (Doc. No. 29) is **DENIED**.

**SO ORDERED**, this ____1st____ day of ~~October~~ November, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA